UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

IN RE APPLICATION OF THE
UNITED STATES OF AMERICA FOR
AN ORDER PURSUANT TO
18 U.S.C. § 2703(d) FOR THE
DISCLOSURE OF HISTORICAL
CELL SITE (i.e. TOWER/SECTOR)
INFORMATION FOR TELEPHONE
NUMBERS (A) 203-517-6929,
(B) 203-820-8800, (C) 203-820-6904,
(D) 203-613-5944, and (E) 203-858-8887

MISC. NO. 3:18mj1681(HBF)

2018 OCT 24 A 10: 01
US DISTRICT COURT
BRIDGEPORT CT

**FILED UNDER SEAL**

May 25, 2012

APPLICATION OF THE UNITED STATES
FOR ORDERS PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for Orders pursuant to 18 U.S.C. § 2703(d). The proposed Orders would require AT&T, Sprint, and Verizon Wireless, all of which are cellular service providers, to disclose certain records and other information pertaining to target telephone described in greater depth below and in Part I of Attachment A of the proposed orders. The records and other information to be disclosed are described in Part II of Attachment A of the proposed orders. In support of this application, the United States asserts:

LEGAL BACKGROUND

1.  AT&T is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require AT&T to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.  AT&T provides service to a cellular telephone assigned the number 203-517-6929, which is subscribed in the name of Maria Pimpinella at P.O. Box 3 Greenwich CT and

believed to be used by Savvas GIANNGOLOU, also known as "Steve" (hereinafter "TARGET TELEPHONE ONE").

3. Sprint is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Sprint to disclose the items described in Part II of Attachment B. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

4. Sprint provides service to the following cellular telephones assigned the following numbers: (A) 203-820-8800 subscribed in the name of "Juan Valdez" at 65 East Wall Street, Norwalk, CT and believed to be used by Carlos HENDRICKS, also known as "Carlito" (hereinafter "TARGET TELEPHONE TWO"); (B) 203-820-6904 subscribed in the name of Mike Rodriguez, at 4 Byrd Road, Norwalk, CT and also believed to be used by HENDRICKS (hereinafter "TARGET TELEPHONE THREE"); and (C) 203-613-5944 subscribed to and believed to be used by John YERINIDES at 15 Mark Drive Norwalk, CT (hereinafter "TARGET TELEPHONE FOUR").

5. Verizon Wireless is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Verizon Wireless to disclose the items described in Part II of Attachment C. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

6. Verizon Wireless provides service to a cellular telephone assigned the number 203-858-8887, which is subscribed in the name of Steve Papadakos at 25 Fullin Court, Norwalk,

CT and believed to be used by Efstrati PAPADAKOS, also known as "Steve" (hereinafter "TARGET TELEPHONE FIVE").

7. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

8. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A of the proposed orders are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

9. For the past several months, the Drug Enforcement Administration ("the DEA") and the Norwalk Police Department have been jointly investigating a narcotics trafficking organization in the Norwalk, CT area that was believed to be distributing cocaine, prescription pills, and marijuana.

10. Beginning in February 2012, the investigation began intercepting wire and electronic communications pursuant to a court order. Calls and text messages from and/or to GIANNGOLOU, HENDRICKS, and YERINIDES' and E. PAPADAKOS were intercepted; these communications reflected GIANNGOLOU, HENDRICKS, and YERINIDES's

3

participation in the narcotics distribution, and E. PAPADAKOS's awareness and facilitation of the narcotics distribution.

11. On May 23, 2012, a grand jury returned an indictment charging GIANNGOLOU, HENDRICKS, and YERINIDES, amongst others, with conspiracy to possess with the intent to distribute narcotics, in violation of Title 21 United States Code, Section 846. That same indictment charged E. PAPADAKOS with the use of a telephone to facilitate the commission of a drug trafficking felony in violation of Title 21, United States Code, Section 843(b).

12. On February 19, 2012, TARGET TELEPHONE ONE received the following text message from Konstantinos ZOGRAFIDIS, another indicted member of the conspiracy: "Yo bo how many of those blue flags u think u can get rid off." In response, TARGET TELEPHONE ONE responded, "A lot."

13. On February 24, 2012, at 15:16 (session 3862), HENDRICKS used TARGET TELEPHONE TWO to negotiate the purchase of two thousand "little green little monsters" which, based on information obtained in the investigation, are prescription pills. In the course of that negotiation, HENDRICKS told ZOGRAFIDIS that HENDRICKS would be calling him from a new number and that ZOGRAFIDIS should answer the call. Immediately thereafter, at approximately 15:18 (session 3864), HENDRICKS contacted ZOGRAFIDIS from TARGET TELEPHONE THREE.

14. On February 14, 2012, at 13:24 (session 1176), YERINIDES used TARGET TELEPHONE FOUR to negotiate what is believed to be a cocaine purchase with ZOGRAFIDIS. In the call, ZOGRAFIDIS explained that he talked to "him but he told me it's not the same thing, you know, so I don't . . . to do something about you, 'cause I know how you feel about [U/I] but it's not the same." YERINIDES asked, "how long is it gonna' take you with him?"

ZOGRAFIDIS replied, "I'm going there, Johnny, I'll be back in an hour. That's it, you know, at least, you know." YERINIDES stated "I will need something, too, anyways." ZOGRAFIDIS responded, "I will tell him to give me one for you." YERINIDES replied, "Look, don't get anything for me, but if it's not as you wanted to be, or as it should be." Later in the conversation, ZOGRAFIDIS asked YERINIDES "what happened with your guy?" and YERINIDES replied, "Listen to me, they are cutting them now and they put them, you know what they are doing what needs to be done."

15. On February 17, 2012, at 17:49 (session 2016), YERENIDES used TARGET TELEPHONE FOUR to call ZOGRAFIDIS. In the call, YERINEDES stated, "I'm going to need something, Gus, " and ZOGRAFIDIS replied "What . . . fuck that buddy." YERINEDES responded, "Okay, but I have nothing, it's all gone." ZOGRAFIDIS stated, "Uhm, I will give you my four." YERINEDES replied, "Whatever you got." The two agreed to meet in a half-hour.

16. On February 18, 2012 at 11:52 (session 2214), YERENIDES again used TARGET TELEPHONE FOUR to contact ZOGRAFIDIS. In the call, YERINEDES stated "The fairy tale . . . It came at 9:00 in the morning." ZOGRAFIDIS asked, "Oh yeah, that early in the morning? What words did he bring?" YERINEDES replied, "He brought me something very good, he only brought me one full and I will give it all to you because he will come back to me again next week, so." The two agreed to meet later in the day.

17. On March 7, 2012, E. PAPADAKOS used TARGET TELEPHONE FIVE to call ZOGRAFIDIS and tell him that E. PAPADAKOS had a "customer" to which ZOGRAFIDIS responded that he did not have anything. Later in the conversation, E. PAPADAKOS said, "are you serious? We don't have nothing?" Several days later, on March 10, 2012, E. PAPADAKOS

texted ZOGRAFIDIS from TARGET TELEPHONE FIVE and asked him to call a particular person, who upon receiving the call from ZOGRAFIDIS, requested a "ball". Prior to being asked to call this person at E. PAPADAKOS's request, there were no intercepted calls between ZOGRAFIDIS and the person.

18.     Thus, the applicant submits that there are specific and articulable facts showing that there are reasonable grounds to believe that the electronic communications records and/or information sought herein are relevant and material to the ongoing criminal investigation, as required by Title 18, United States Code, Section 2703(d). Among other things, the requested cell site information will assist in locating the defendants, who are now wanted for arrest, and the Target Telephones.

## REQUEST FOR ORDER

19.     The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A of the proposed orders are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that AT&T, Sprint, and Verizon Wireless be directed to produce all items described in Part II of Attachment A to the proposed orders.

I declare under penalty of perjury that the foregoing is true and correct.

*[signature]*
VANESSA RICHARDS
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv05095
1000 Lafayette Boulevard
Bridgeport, CT 06604
(203) 579-5575